Dear Mr. Sanner:
This office is in receipt of your letter of November 4, 2004, as amended by your letter of November 29, 2004, concerning the following situation: The West Cameron Port Commission desires to retain legal counsel in furtherance of discussions and negotiations with the Lake Charles Harbor and Terminal District with regard to a legal dispute concerning the District's ownership and use of certain land involved with the Sempra Project. The land in question is located within the territorial jurisdiction of the West Cameron Port Commission, in Hackberry, Louisiana. In connection with retaining legal counsel for that project, you have, on behalf of the West Cameron Port Commission, requested an Attorney General's opinion on the following question:
Does La.-R.S. 34:2553(2) allow the West Cameron Port Commission to retain special counsel without the approval of the Attorney General under La.-R.S. 42:263?
Discussion
 The West Cameron Port, Harbor, and Terminal District was created under La.-R.S. 34:2551 as a political subdivision of the state, with the full powers of a corporate entity within its territorial jurisdiction of wards, three, four, five and six of Cameron Parish. The governing authority of the District is the West Cameron Port Commission ("the commission"), per La.-R.S. 34:2552.
Among the powers of the commission specified in La.-R.S. 34:2553
are the following:
B. The commission is hereby vested with authority to:
 (1) Employ such officers, agents and employees as it deems necessary for the performance of its powers and duties and to prescribe the powers and duties and fix the compensation of such officers, agents and employees.
 (2) Contract, upon such terms as it may agree upon, for legal, financial, engineering and other professional services necessary or expedient in the conduct of its affairs.
The Louisiana Constitution, at Article 6, Section 44(2) defines a "political subdivision" as a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. The West Cameron Harbor and Terminal District, as a political subdivision, comprises a unit of local government authorized by law to perform governmental functions. In addition, the District's governing board, the West Cameron Port Commission, is a creature of the legislature and, as such, is a "state commission" for purposes of La.-R.S. 42:261 through 263 concerning the providing of legal services by district attorneys and by other general and special counsel (See Attorney General's Opinion No. 90-150, infra).
The rule for the provision of general legal services for local government units and for state boards and commissions is contained in La.-R.S. 42:261(A), which states that,
 La.-R.S. 42:261 — District attorneys; counsel for boards and commissions
 A. Except as . . . otherwise provided by law, the district attorneys . . . shall, ex officio and without extra compensation, general or special, be the regular attorneys and counsel for the parish governing authorities, parish school boards, and city school boards within their respective districts, and of every state board or commission domiciled therein, . . .
The provisions of 34:2553(B)(1) and (B)(2), supra, which allow the Commission to employ or to contract with legal counsel for professional services which are necessary or expedient in the conduct of its affairs, are an exception to R.S. 42:261(A), and would allow the Commission, in its discretion, to employ or to contract for the provision of general legal services, in lieu of using the district attorney.
The same provisions, particularly R.S. 34:2553(B)(2), also provide sufficient authority to allow the Commission to contract with attorneys for the provision of special, specific, legal services, such as those contemplated in your opinion request; however, the statutory authority of the Commission to contract with special counsel does not except or exempt the Commission from the requirements of La.-R.S. 42:263(A), which state that:
La.-R.S. 42:263 — Resolution requesting special counsel
 A. No parish governing authority, levee board except as provided in Subsection B hereof, parish school board, city school board, or other local or state board shall retain or employ any special attorney or counsel to represent it in any special matter or pay any compensation for any legal services whatever unless a real necessity exists, made to appear by a resolution thereof stating fully the reasons for the action and the compensation to be paid. The resolution then shall be subject to the approval of the attorney general and, if approved by him, shall be spread upon the minutes of the body and published in the official journal of the parish.
In addition to the West Cameron Harbor and Terminal District and its governing commission, many other boards, commissions, and districts have statutory provisions which allow the appointment of counsel. It has been the consistent position of this office, stated in several opinions, that every parish governing authority, school board, special district, and state board or commission which has statutory authority to retain special counsel for a specific purpose, must comply fully with the provisions of La.-R.S. 34:263(A), unless exempted therefrom.
In Attorney General's Opinion No. 80-1580, a parish levee had statutory authority to appoint attorneys. The opinion stated that the appointment of a general counsel to handle the district's regular legal business did not require the approval of the Attorney General and was solely within the board's discretion; however, in the event that special counsel was required by the board, then the provisions of R.S. 42:263 would apply and the approval of this office would be required.
In Attorney General's Opinion No. 77-278, a parish airport authority requested an opinion on whether it could employ an attorney of its own selection. The conclusion reached in that opinion was as follows:
 You also asked whether the authority may retain its own lawyer. La.R.S. 2:602(2) appears to grant sufficient general authority to hire an attorney in that it authorizes the execution of contracts and other instruments and whatever action that may be `necessary and convenient to carry out the purposes of this chapter.' However, the Airport Authority is under no compulsion to hire an attorney. La.R.S. 42:263
authorizes the employment of `special' counsel and mandates that such employment be approved by the Attorney General. It is the policy of this office to approve counsel only when the District Attorney is unable to denote the necessary time or otherwise specifically request such approval. Hence, it is the opinion of this office that the district attorney is the legal advisor of the Rapides Parish Airport Authority unless the authority retains special counsel of its own in compliance with La.R.S. 42:263.
In Attorney General's Opinion No. 90-150, a parish convention and visitors commission sought an opinion on whether it could retain special counsel, in lieu of the district attorney. The opinion stated, in pertinent part, that:
 The district attorney is the authorized legal advisor to the Commission and Bureau. This role cannot be lawfully delegated by the district attorney.
 However, the Commission/Bureau may lawfully retain special counsel such as yourself by conforming to LSA-R.S. 42:263. This statute requires an authorizing resolution by the Commission finding that a real necessity exists for the employment of special counsel, and stating fully the reasons for the action and the compensation to be paid. It is generally recommended that the compensation conform to the Attorney General's fee schedule which is available upon request from this office. The resolution must be approved by the Attorney General to authorize the representation, and be officially published.
 If your representation has not been authorized in conformity with R.S. 42:263, you should promptly follow this procedure to seek retroaction [sic] ratification of your employment by the Attorney General.
Attorney General's Opinion No. 91-91A clarified Opinion No. 91-91, which had stated that a levee board or levee district could employ an attorney of its own choice and that the employment did not require the approval of the Attorney General. In clarifying that statement, the opinion stated that:
 La.R.S. 38:305 allows an exception to the rule of La.R.S. 42:261 which calls for regular representation by the parish district attorney. It is not an exception to La.R.S. 42:263
which allows for legal representation by special counsel and requires the approval of said contract by the Attorney General. See Attorney General's Opinion 89-249, a copy of which is also attached hereto. These statutes provide the following rules.
 1. The District Attorney for the parish is the regular counsel for the levee board — R.S. 42:261.
 2. A Special attorney or counsel may be retained by the levee board to represent it in any special legal matter under a contract subject to the approval of the Attorney General. R.S. 42:263.
 3. A levee board, as defined in R.S. 38:305, may hire an attorney on a salary, full time or part-time, but not for hourly compensation, under a contract, to represent the board, in lieu of the general representation provided by the district attorney. R.S. 38:305.
 If the levee board has hired an attorney on contract for special services, that contract must be approved by the Attorney General. If it is not approved, it is void.
The issue of specific exemptions from the requirements of R.S.42:263(A) has been addressed in Attorney General's Opinions Nos. 92-757 and 02-0061. Opinion No. 92-757 stated that the retention of special counsel by a hospital service district was subject to such requirements, unless specifically exempted by another section of R.S.42:263. The opinion stated that, "R.S. 42:263(B) and (C) provide that certain, particularly listed entities can retain special counsel without the approval of the attorney general. We note that no hospital service district is referred to in either Subsection B or C." In Opinion No. 02-0061, which involved the attempt of a levee district to retain special counsel to represent it in a particular legal dispute, the opinion stated,
 The District is required, as all other political subdivisions not specifically excepted, to obtain the approval of the Attorney General for the retention of special counsel. R.S. 42:261, et seq.; Op.Atty.Gen. No. 89-249; 19-91(A). Pursuant to R.S. 42:263, the District is required to submit to the Attorney General a resolution setting forth the real necessity for the retention of special counsel and the compensation to be paid said special counsel. [Emphasis supplied].
The West Cameron Port Commission is not specifically excepted from the requirements of R.S. 42:263(A) by any other section of that statute, or by any other statute which we have been able to find.
Conclusion
The West Cameron Port Commission does have authority to retain special counsel, but that authority is subject to full compliance with the requirements of R.S. 42:263(A), including approval of the employment and the fee by the Attorney General.
You should also be advised that it is the policy of this office to approve only hourly fees for special counsel services, except in those instances in which a reasonable contingency fee is indicated, such as collection matters, or in which a particular statute provides for an alternate form of payment (Attorney General's Opinion No. 92-757). The hourly rates to be paid are subject to the current maximum fee schedule of the Attorney General (Attorney General's Opinion No. 88-182). I understand that a copy of that schedule has already been provided to you.
If we may be of further assistance, please do not hesitate to contact the undersigned.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: _________________________
 TERRY F. HESSICK Assistant Attorney General